<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

GOVERNMENT EMPLOYEES
INSURANCE CO., *et al.*,

                    Plaintiffs,

v.

TODD KOPPEL, M.D., *et al.*,

                    Defendants.

Civil Action No: 21-3413(SDW)(LDW)

**OPINION**

August 17, 2021

**WIGENTON**, District Judge.

Before this Court are Defendants David Allen Kreshover, D.C. ("Kreshover") and Capital Chiropractic, P.C.'s ("Capital") (collectively, "Kreshover Defendants") Motion to Dismiss Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co.'s (collectively, "GEICO" or "Plaintiffs") Complaint[1] pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(6) and 9(b). Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1332, and 1367. Venue is proper pursuant to 28 U.S.C.

---

[1] Federal Rule of Civil Procedure 8 provides that a complaint be "a short and plain statement of the claim showing that the pleader is entitled to relief," and requires that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). Plaintiffs' Complaint, however, contains 541 paragraphs, spans 176 pages, and includes nearly 75 pages of detailed summaries of accident reports and medical records for numerous patients and over 3,000 pages of exhibits listing claim numbers, dates, and charges for services allegedly provided by defendants. At best, this pushes the boundaries of what is permissible under Rule 8, a concern this Court has previously brought to Plaintiffs' attention. *See GEICO v. Adams Chiropractic Center P.C.*, Civ. No. 19-20633, 2020 WL 881514, at *1 n.2 (D.N.J. June 29, 2020); *see also* D.E. 35 at 12 n. 6 (acknowledging the Court's prior admonition).

§ 1391.  This opinion is issued without oral argument pursuant to Rule 78.  For the reasons stated herein, the Motion to Dismiss is **DENIED**.

## I.       BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs are automotive insurers suing to recover "more than $5,600,000.00 that the [Kreshover] Defendants [and others] wrongfully have obtained from GEICO by submitting, and causing to be submitted, thousands of fraudulent no-fault insurance charges for purported initial examinations, follow-up examinations, pain management injections, chiropractic services, and surgical services (collectively, the 'Fraudulent Services')" between 2013 and the present.  (D.E. 1 ¶¶ 1-3.)  Specifically, Plaintiffs allege that, beginning in 2015, the Kreshover Defendants billed for "medically unnecessary healthcare services" provided to individuals eligible for coverage (the "Insureds") and "received illegal compensation in exchange for patient referrals."  (*Id.* ¶¶ 3, 5, 32-33 103-499.)

On February 25, 2021, GEICO filed a twenty-seven count Complaint against the Kreshover Defendants and others, alleging: 1) violations of the New Jersey Insurance Fraud Prevention Act ("NJIFPA"), N.J.S.A. 17:33A-1 *et seq.*;[2] 2) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962; and 3) common law fraud and unjust enrichment.  (D.E. 1 at 354-540.)  In addition to money damages, Plaintiffs seek declaratory judgment pursuant to 18 U.S.C. §§ 2201, 2202, (Count One), that the Kreshover Defendants and others were "not in compliance with all relevant laws and regulations governing healthcare practice" during the relevant period.  (*Id.* ¶¶ 3.) The Kreshover Defendants subsequently filed the instant motion to dismiss, and all briefing was timely filed.  (D.E. 29, 30, 35, 38, 39.)

---

[2] Plaintiffs do not bring a claim against the Kreshover Defendants pursuant to the NJIFPA.

## II.      LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard).  Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2).  *Id.*

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions

of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). Plaintiffs "alleging fraud must state the circumstances of the alleged fraud[ulent act] with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" *Park v. M & T Bank Corp.,* Civ. No. 09–02921, 2010 WL 1032649, at *5 (D.N.J. Mar. 16, 2010) (citing *Lum v. Bank of Am.,* 361 F.3d 217, 223–24 (3d Cir. 2004)).

## III.   DISCUSSION

### A.   RICO, 18 U.S.C. § 1962

Plaintiffs allege that the Kreshover Defendants violated, and conspired to violate, the federal RICO statute, 18 U.S.C. § 1962(c). (*See* D.E. 1 ¶¶ 373-79, 506-12.) Section 1962(c) makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which effect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c)); *see also In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 362-63 (3d Cir. 2010). "To establish a claim under section 1962(c), a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *GEICO v. Ningning He*, Civ. No. 19-9465, 2019 WL 5558868 at *5 (D.N.J. Oct. 29, 2019); *District 1199P Health & Welfare Plan v. Janssen, L.P.*, 784 F. Supp. 2d 508, 518-19 (D.N.J. 2011). An enterprise is "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." *Ins. Brokerage*, 618 F.3d at 362-63. A pattern of racketeering activity is defined as "at least two acts of racketeering activity within a ten-year period," which includes federal mail fraud under 18 U.S.C. § 1341. *Id.*

The Complaint alleges that Capital is a racketeering enterprise owned by Kreshover, (D.E. 1 ¶¶ 32-33, 506-512), which, in concert with the other named defendants, submitted, or

caused to be submitted, fraudulent claims worth millions of dollars to GEICO between 2015 and the present. (*Id.* ¶¶ 373-379.) Those submissions as pled satisfy the elements of mail fraud, which itself constitutes a racketeering activity.[3] Therefore, the Kreshover Defendants' motion to dismiss Counts Four and Twenty-Three will be denied.[4]

### B.  Common Law Fraud & Aiding and Abetting Fraud

A party seeking to assert a claim for common law fraud must show: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367 (N.J. 1997); *see also Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007); *Ningning He*, 2019 WL 5558868 at *3; *Stockroom, Inc. v. Dydacomp Dev. Corp.*, 941 F. Supp. 2d 537, 546 (D.N.J. 2013).

The Complaint contains numerous examples of allegedly improper billing which include descriptions of the underlying accidents leading to treatment, the type of treatment each Insured received, explanations as to why that treatment was not medically warranted, and dates when fraudulent bills were submitted to GEICO. (*See, e.g.*, D.E. 1 ¶¶ 104 (xviii); 142 (xv), (xvi).) The Complaint further alleges that the Kreshover Defendants knew that their submissions were false,

---

[3] The elements of mail fraud are "(1) a scheme or artifice to defraud for the purpose of obtaining money or property, (2) participation by the defendant with specific intent to defraud, and (3) use of the mails or wire transmissions in furtherance of the scheme." *Nat'l Sec. Sys. v. Iola*, 700 F.3d 65, 105 (3d Cir. 2012); *see also United States v. Riley*, 621 F.3d 312, 329 (3d Cir. 2010); *United States v. Al Hedaithy*, 392 F.3d 580, 590 (3d Cir. 2004) (discussing the elements of mail fraud under 18 U.S.C. § 1341).

[4] Although the Kreshover Defendants argue that Plaintiffs' RICO claims are also barred by the applicable statute of limitations, Plaintiffs contend that that limitations period must be tolled because defendants acted to conceal their scheme. (*See* D.E. 35 at 19; D.E. 1 ¶¶ 346-53.) "[B]ecause the question whether a particular party is eligible for equitable tolling generally requires consideration of evidence beyond the pleadings, such tolling is not generally amenable to resolution on a Rule 12(b)(6) motion." *Drennan v. PNC Bank, NA*, 622 F.3d 275, 301-02 (3d Cir. 2010).

that they intended that Plaintiffs rely on those submissions, and that Plaintiffs did, in fact, rely on those submissions to make payments for the Fraudulent Services. (*See* D.E. 1 ¶¶ 387-94, 520-26.) Therefore, the Kreshover Defendants' motion to dismiss Counts Six and Twenty-Five will be denied.

### C. Unjust Enrichment

"Unjust enrichment is an equitable cause of action that imposes liability when a 'defendant received a benefit' and defendant's 'retention of that benefit without payment would be unjust.'" *Ningning He*, 2019 WL 5558868 at *6 (citing *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 526 (N.J. 1994)). "To state a claim for unjust enrichment under New Jersey law, a plaintiff must allege that '(1) at plaintiffs' expense (2) defendant received benefit (3) under circumstances that would make it unjust for defendant to retain benefit without paying for it.'" *Id.* (citing *Arlandson v. Hartz Mt. Corp.*, 792 F. Supp. 2d 691, 711 (D.N.J. 2011)).

Plaintiffs have sufficiently alleged claims for unjust enrichment at this stage of the proceedings. The Complaint alleges that Plaintiffs paid millions of dollars in fraudulent claims submitted by the Kreshover Defendants (and others) and those payments were made for services that were medically unnecessary. It is permissible at this stage to infer that "moving defendants share in the benefit at the expense of [P]laintiffs, and that the conveyance of that benefit was unjust such that equity would compel the return of the benefit from defendants to plaintiffs." *State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*, 375 F. Supp. 2d 141, 155 (E.D.N.Y. 2005); *see also Ningning He*, 2019 WL 5558868 at *7. Therefore, the Kreshover Defendants' motion to dismiss Counts Seven and Twenty-Seven will be denied.[5]

---

[5] Because declaratory judgment is a form of relief and not a substantive claim, the Kreshover Defendants' motion to dismiss Count One will also be denied. To the extent that the Kreshover Defendants have moved for a more definitive statement pursuant to Rule 12(e), their motion is also denied. Rule 12(e) "allows a party to move for a more definitive statement if a pleading is 'so vague or ambiguous that the party cannot reasonably prepare a response.'" *Idearc Media*

IV.     **CONCLUSION**

For the reasons set forth above, the Kreshover Defendants' Motion to Dismiss is **DENIED**.

An appropriate order follows.

_____/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk
cc:          Leda D. Wettre, U.S.M.J.
             Parties

---

*Corp. v. Advanced Directory Sales, Inc.*, Civ. No. 09-1034, 2009 WL 1803907, at *3 (D.N.J. June 25, 2009).  Such motions are not only disfavored, but also unnecessary where, as here, Plaintiffs have provided extensive factual support for their claims.  Any additional information Defendants believe they require can be sought in discovery.