**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE CO., *et al.*, | |
| Plaintiffs, | Civil Action No: 21-3413(SDW)(LDW) |
| v. | **OPINION** |
| TED KOPPEL, M.D., *et al.*, | |
| Defendants. | August 17, 2021 |

**WIGENTON**, District Judge.

Before this Court is Defendant Ted Koppel, M.D. ("Koppel") and Garden State Pain Management, P.A.'s ("GSPM") (collectively, "Koppel Defendants") Motion to Stay or Dismiss Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co.'s (collectively, "GEICO" or "Plaintiffs") Complaint pursuant to Federal Rules of Civil Procedure ("Rule") 12(b) and 9. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1332 and 1367. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, the Motion to Stay is **GRANTED**.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

"Under New Jersey law, automobile insurance policies provide benefits for personal injuries sustained in an accident involving the covered automobile, regardless of whether the driver was at fault for the accident. This coverage is called 'personal injury protection,' or 'PIP.' When

1

insureds receive treatment, they can assign their right to PIP benefits to medical providers, who can then seek reimbursement from the insurance companies." *Citizens United Reciprocal Exch. v. Meer*, 321 F. Supp. 3d 479, 484 (D.N.J. 2018).  Plaintiffs allege that Koppel, a physician and "sole director, owner, and controller of" GSPM, and an assignee of certain of his patients' PIP benefits, wrongfully submitted and caused to be submitted "thousands of fraudulent no-fault insurance charges for purported" services beginning in 2013 and continuing to the present ("Fraudulent Services"). (D.E. 1 ¶¶ 1-3.) Specifically, Plaintiffs allege that the Koppel Defendants "paid illegal compensation in exchange for patient referrals, and unlawfully billed inflated amounts for medically unnecessary, and in some cases illusory, healthcare services" provided to individuals eligible for coverage (the "Insureds"). (*Id.*)

On February 28, 2018, Koppel was indicted by a New Jersey State grand jury on "charges relating to his stealing more than $500,000.00 from insurance companies in a medical kickback fraud scheme . . . ." (D.E. 1 ¶¶ 12-13 (alleging that the "Koppel paid cash kickbacks to at least five chiropractors in exchange for at least 790 patient referrals" from 2006-2016).) That criminal matter was dismissed on July 24, 2019 without prejudice and the Indictment was renewed on November 7, 2019. (*Id.* ¶¶ 14, 94-101; D.E. 37-2 Ex. A.) The current Indictment, brought by the Office of the Insurance Fraud Prosecutor against Koppel and GSPM, alleges that, between 2006 and 2016, the Koppel Defendants conspired to and did, in fact, participate in an illegal patient referral scheme in violation of New Jersey state law. (D.E. 37-2 Ex. A.) The criminal matter is currently pending. (D.E. 28-2; D.E. 28-3.)

On February 25, 2021, GEICO filed a twenty-seven count Complaint against the Koppel Defendants and others, alleging: 1) violations of the New Jersey Insurance Fraud Prevention Act ("NJIFPA"), N.J.S.A. 17:33A-1 *et seq.*; 2) violations of the Racketeer Influenced and Corrupt

Organizations Act ("RICO"), 18 U.S.C. § 1962; and 3) common law fraud and unjust enrichment. (D.E. 1 at 354-540.) The Koppel Defendants subsequently moved to stay, or in the alternative, dismiss this matter, and all briefing was timely filed. (D.E. 28, 36, 37.)

## II.     DISCUSSION

The Koppel Defendants first seek to stay this civil action, pending the resolution of the ongoing criminal action. (D.E. 28-1 at 1-2.) To determine whether a stay is appropriate, this Court must consider: "1) the extent to which the issues in the criminal and civil case overlap; 2) the status of the case, including whether defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest." *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998) (internal citation omitted).

### 1. Similarity of Issues

"The similarity of issues has been termed 'the most important issue at the threshold' in determining whether or not to grant a stay." *Walsh*, 7 F. Supp. 2d at 527 (internal citation omitted). Here, both the civil Complaint and the criminal Indictment allege that the Koppel Defendants participated in an illegal patient referral scheme in violation of the NJIFPA. (*See* D.E. 1 at 354-540; D.E. 28-3 (certifying that the Indictment accuses the Koppel Defendants of violating the NJIFPA); D.E. 28-2.) Although the civil Complaint covers a broader timeframe and includes additional claims, the alleged patient referral scheme and the facts underlying it are the same in both matters. As such, the overlapping issues of fact and law and common fact witnesses support the issuance of a stay.

### 2. Status of Criminal Proceeding

"The strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned. The potential for self-incrimination is greatest during this stage, and the potential harm to civil litigants arising from delaying them is reduced due to the promise of a fairly quick resolution of the criminal case under the Speedy Trial Act." *Parallel Civil & Crim. Proceedings*, 129 F.R.D. 201, 203 (1989). Here, Defendants have been indicted, placing them at risk of self-incrimination should they respond to discovery in the civil action. (*see* D.E. 28-3; D.E. 28-2; D.E. 37-2 Ex. A.) Therefore, this element weighs in favor of a stay.

### 3. Prejudice to Plaintiffs

Here, there is little prejudice to GEICO, a Fortune 500 company, seeking to recover solely financial losses. Delays in civil cases are "fairly common" and GEICO asserts no unique injury. *Walsh*, 7 F. Supp. 2d at 528. GEICO is "protected from monetary harm caused by the delay by its ability to obtain interest as part of its ultimate judgment" should it prevail in the civil action. *Id.* Therefore, this element also weighs in favor of a stay.

### 4. Burden on Defendants

The burden on the Koppel Defendants is significant, as they "must choose between waiving their Fifth Amendment rights and defending themselves in the civil lawsuit or asserting the privilege" and risk losing the civil case. *Id.* Because the factual issues in both the criminal and civil cases overlap, staying the civil action matter would "avoid placing defendants in this position." *Id.* (noting that it is within the court's discretion to "stay a civil case in the interests of justice") (internal citations omitted).

5. *Interests of the Court*

Although the issuance of an indefinite stay could negatively impact this Court's management of its caseload by putting Plaintiffs' claims against the Koppel Defendants on hold, allowing those claims to proceed could result in a different type of inefficiency should Koppel assert his Fifth Amendment rights. "Not only would this burden the Magistrate Judge and this Court with deciding a constant stream of privilege issues, but if some defendants were forced to assert the privilege while others were not, it would be difficult or impossible to fairly apportion liability because of the different factual record among defendants." *Id.* at 528-29. Therefore, this Court finds that this element also weighs in favor of a stay.

6. *Public Interest*

This Court sees no harm to the public interest in granting a stay in the civil case. The public interest will be appropriately safeguarded by the State's pursuit of the criminal charges against the Koppel Defendants. Therefore, this final element also supports the issuance of a stay, and Defendants' motion for a stay of all discovery will be granted.[1] Defendants' motion to dismiss will be dismissed as moot.

---

[1] To the extent that Plaintiffs seek to stay any existing PIP arbitrations brought by or on behalf of Koppel or GSPM against Plaintiffs and to enjoin the future filing of such arbitrations while the instant matter is pending, Plaintiffs' request is denied. (*See* D.E. 36 at 28-30; D.E 36-1 (indicating that Defendants "currently are prosecuting at least 40 individual collections arbitrations against GEICO . . . seeking to collect more than $350,000.00" in benefits).) Plaintiffs have not properly moved for such relief, choosing instead to informally raise their request in their opposition to Defendants' motion. Even if Plaintiffs had properly filed a motion to stay, injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal citation omitted). When considering whether to grant a preliminary injunction pursuant to Rule 65, courts must consider whether the party seeking the injunction has shown: "(1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief." *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010) (quoting *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010)) (internal quotation marks omitted). "Particular weight" is given to the "probability of irreparable harm and the likelihood of success on the merits elements of the standard," such that injunctive relief may not be granted "where either or both of [those] prerequisites are absent.'" *Scholastic Funding Grp., LLC v. Kimble*, Civ. No. 07-557, 2007 WL 1231795, at *10 (D.N.J. Apr. 24, 2007) (quoting *Hoxworth v. Blinder,*

### III.     CONCLUSION

For the reasons set forth above, Defendants' Motion to Stay is **GRANTED** as to Koppel and GSPM only. Defendants' Motion to Dismiss is **DISMISSED AS MOOT**. An appropriate order follows.

                                                                                                        /s/ Susan D. Wigenton
                                                                                                   **SUSAN D. WIGENTON, U.S.D.J.**

Orig:         Clerk
cc:           Leda D. Wettre, U.S.M.J.
                Parties

---

*Robinson & Co.*, 903 F.2d 186, 197 (3d Cir. 1990)). The element of irreparable harm requires the party seeking injunctive relief to "demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). "It is well settled that a purely economic injury is compensable in money damages and therefore can never constitute irreparable harm." *Telebrands Corp. v. Grace Mfg., Inc.*, Civ. No. 10-2693, 2010 WL 4929312, at *4 (D.N.J. Nov. 30, 2010); *see also Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988).

Here, the harm Plaintiffs allege they have suffered (or will suffer) is limited to the payment of claims made by the Koppel Defendants and others for allegedly Fraudulent Services. (D.E. 1 ¶¶ 1 (noting that "this action seeks to recover more than $5,600,000.00 that the Defendants wrongfully have obtained from GEICO"), 541 (detailing the monetary damages sought).) Because there is no indication that Plaintiffs will suffer irreparable harm, injunctive relief would be inappropriate.