UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**JOSÉ R. ALMONTE**
UNITED STATES MAGISTRATE JUDGE

FRANK R. LAUTENBERG U.S. POST
OFFICE & COURTHOUSE BUILDING
2 FEDERAL SQUARE
NEWARK, NJ 07102
973-645-3110

August 28, 2023

**LETTER ORDER**

Re:   *Government Employees Insurance Co., et al. v. Todd Koppel, et al.*,
      Case No. 2:21-cv-03413-MEF-JRA

Dear Counsel:

Before the Court is a Motion by Defendants Todd Koppel, M.D. and Garden State Pain Management, P.A. (collectively, the "Koppel Defendants") to quash a subpoena served by Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co. (collectively, "Plaintiffs") upon the New Jersey Office of the Insurance Fraud Prosecutor ("OIFP"), (the "Motion"). ECF Nos. 134, 136. Plaintiffs oppose the Motion. ECF Nos. 135, 140. The Court has considered the parties' submissions and decides the Motion without oral argument. *See* FED. R. CIV. P. 78; L.Civ.R. 78.1(b). For the reasons set forth below, the Koppel Defendants' Motion is **DENIED**.

**BACKGROUND AND PROCEDURAL HISTORY**[1]

Plaintiffs bring this civil action alleging that the Koppel Defendants unlawfully obtained personal injury protection ("PIP") benefits from Plaintiffs by making false representations as to their compliance with New Jersey law when, in fact, they were operating in violation of New Jersey law by paying kickbacks to chiropractors in exchange for patient referrals. *See generally* Compl., ECF No. 1. Based on these allegations, Plaintiffs have asserted claims against the Koppel Defendants pursuant to the New Jersey Insurance Fraud Prevention Act, N.J.S.A. 17:33A, the civil Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, and common law fraud and unjust enrichment. *Id.*

The parties are currently engaged in discovery. At issue in the Motion is a subpoena that Plaintiffs served upon the OIFP in January 2023 (the "Subpoena"). ECF No. 135-2. The Subpoena sought a copy of all criminal and investigative records from the OIFP's Medicaid Fraud Control Unit concerning the Koppel Defendants, including:

(a) All reports written by Law Enforcement Personnel;
(b) All supplemental reports written by Law Enforcement Personnel;
(c) All investigative notes of all Law Enforcement Personnel;
(d) All surveillance videos recorded during the Investigation of Todd Koppel and

---

[1] The Court recites only the facts and procedural history relevant to resolution of this Motion.

      Garden State Pain Management, P.A.;
- (e) All audio recordings created during the Investigation of Todd Koppel and Garden State Pain Management, P.A.;
- (f) All documents in the possession of Law Enforcement Personnel that were provided to the prosecutor in the Prosecution of Todd Koppel and Garden State Pain Management, P.A.

*Id.* at 7.

On March 17, 2023, the Koppel Defendants filed a motion to quash the Subpoena, arguing, among other things, that the information sought is irrelevant and that Plaintiffs have failed to show a compelling need for the requested information, which is privileged under New Jersey law. ECF No. 134 at 5-11. Alternatively, the Koppel Defendants request entry of a protective order to prevent discovery of the Koppel Defendants' investigative files. *Id.* at 11-12. Plaintiffs oppose the Motion, contending that the Subpoena seeks highly relevant records that are discoverable under New Jersey law and cannot be obtained from an alternative source. ECF No. 135 at 7-13.

## DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits parties to seek discovery concerning any nonprivileged matter that is relevant to a party's claim or defense and that is "proportional to the needs of the case, considering . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* The information need not be admissible at the trial. *Id.*

Motions to quash or modify a subpoena are governed by Rule 45(d)(3) of the Federal Rules of Civil Procedure which provides, in relevant part, that:

> On timely motion, the court . . . must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

*Id.* The party seeking to quash a subpoena bears the heavy burden of demonstrating that Rule 45 is satisfied. *See Strike 3 Holdings, LLC v. Doe*, No. 18-cv-16593, 2019 WL 4745360, at *3 (D.N.J. Sept. 30, 2019) (citations omitted).

### *Standing*

Because Defendants move to quash the Subpoena served upon the OIFP, a non-party to this action, the Court must first consider whether Defendants have standing to bring the Motion. "Generally, any motion to Quash or modify a subpoena directed towards a non-party, must be brought by the non-party itself." *Schmulovich v. 1161 Rt. 9 LLC*, No. 07-cv-597, 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007). Standing, however, may be conferred to a party seeking to quash a subpoena when that party "claims a privilege or privacy interest in the subpoenaed information." *Buckhead Meat Co. v. AEBB of Greenwich Corp.*, No. 19-cv-16766, 2022 WL 16708988, at *2 (D.N.J.

Feb. 10, 2022).

Here, Defendants challenge the Subpoena based on relevancy, privilege, and undue burden. Turning first to relevancy and undue burden, the Court notes that generally, "[a] party lacks standing to challenge subpoenas issued to non-parties based on [those] grounds[.]" *Id.* (quoting *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11-cv-1590, 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013)); *see also Silverstone Holding Grp., LLC v. Zhongtie Dacheng Inv. Mgmt. Co., Ltd.*, No. 22-Misc.-353, 2023 WL 163256, at *2 (S.D.N.Y. Jan. 12, 2023); *Government Emps. Ins. Co. v. Trnovski*, No. 16-cv-4662, 2018 WL 5281424, at *2 (D.N.J. Oct. 23, 2018). Courts in this District recognize one exception to this rule in circumstances where the information sought was previously precluded by Court Order and to bar an objecting party from moving to quash a subpoena would "circumvent a court's ruling" by permitting a party to "obtain[] from a non-party what a court precluded it from obtaining from its adversary." *Shelvin v. Phoenix Life Ins. Co.*, No. 09-cv-6323, 2012 WL 13034075, at *2 (D.N.J. May 24, 2012). However, this exception is inapplicable to the current dispute. Therefore, the Court finds that Defendants lack standing to challenge the Subpoena on the grounds of relevancy and undue burden.

Even if the Koppel Defendants had standing to move to quash on those grounds—which they do not—they fail to convincingly articulate why the information that is subject to the subpoena is irrelevant, or how its production would be unduly burdensome. To the contrary, the Court finds that the information Plaintiffs seek overlaps with the allegations in the complaint and, therefore, is relevant.

Conversely, the Koppel Defendants do have standing to challenge the Subpoena on privilege grounds because they clearly hold a privacy interest in the subpoenaed information, which includes records concerning the OIFP's investigation into their criminal cases which have since been dismissed,[2] and because they claim the records are privileged under New Jersey law. Accordingly, the Court considers the Koppel Defendants' challenge to the Subpoena solely with respect to privilege pursuant to Rule 45(d)(3)(iii) of the Federal Rules of Civil Procedure.

## *Privilege*

The Koppel Defendants' privilege arguments hinge on two Sections of the New Jersey Administrative Code: Section 11:16-6.11 and Section 13:88-2.10. As an initial matter, the Court notes that Section 13:88-2.10 prohibits the disclosure of "[a]ll information and materials accessed by, received by, created by, or maintained by the OIFP . . . concerning . . . insurance fraud or related to criminal activities . . . pursuant

---

[2] On July 24, 2019, the Hon. Barbara J. Buono Stanton, J.S.C. dismissed Indictment No. 18-02-00032-S against the Koppel Defendants. Order, *New Jersey v. Todd Koppel*, 18-02-00032-S (N.J. Sup. Ct. July 24, 2019). On September 29, 2022, on motion of the prosecutor, the Hon. Scott T. Rumana, J.S.C. dismissed Indictment No. 19-11-00141-S against Defendant Garden State Pain Management, P.A. Dismissal Order, *New Jersey v. Todd Koppel*, 19-11-00141-S (N.J. Sup. Ct. Sept. 29, 2022). On August 14, 2023, the Hon. Sohail Mohammed, P.J. Cr. dismissed Indictment No. 19-11-00141-S against Defendant Todd Koppel after he completed the pretrial intervention program. Pretrial Intervention Order of Dismissal Under R. 3:28-7(b)(1), *New Jersey v. Todd Koppel*, 19-11-00141-S (N.J. Sup. Ct. Aug. 14, 2023).

to the Open Public Records Act" ("OPRA"). N.J. ADMIN. CODE § 13:88-2.10. Here, Plaintiffs seek to obtain the requested information by way of subpoena issued pursuant to Rule 45 of the Federal Rules of Civil Procedure, not through an OPRA request. Section 13:88-2.10 is therefore inapplicable to this dispute.

The Court next considers the Koppel Defendants' arguments concerning Section 11:16-6.11. That section provides that:

> All information and materials in the possession of the OIFP concerning the possibility of the existence or occurrence of insurance fraud or related criminal activities are confidential and privileged against disclosure, and shall not be deemed public records, so as to protect the public interest in the prosecution of insurance fraud, including protecting witness security, the State's relationship with informants and witnesses, the privacy interests of persons investigated by OIFP where no fraud has been proven and other confidential relationships.

N.J. ADMIN. CODE § 11:16-6.11(a). Subsection (c) of Section 11:16-6.11, however, provides for the following exception, in relevant part:

> Confidentiality of the information and materials in the possession of OIFP shall not preclude OIFP from . . . coordinating and providing information to **and among referring entities** on pending cases of suspected insurance fraud, where such action would serve the public interest in facilitating the investigation or prosecution of insurance fraud.

N.J. ADMIN. CODE § 11:16-6.11(c) (emphasis added). The "referring entities" Subsection (c) identifies specifically includes "insurers," like Plaintiffs, as detailed in the Insurance Fraud Prevention Act's establishment of liaison between OIFP and other departments. *See* N.J. STAT. ANN. § 17:33A-18. Moreover, the Insurance Fraud Prevention Act specifically addresses disclosure of OIFP investigatory files to insurers such as Plaintiffs, stating, in relevant part, that:

> [t]he commissioner may, in his discretion, make relevant papers, documents, reports, or evidence available to . . . an insurance company or insurance claimant injured by a violation of this act, consistent with the purposes of this act and under such conditions as he deems appropriate. Such papers, documents, reports, or evidence shall not be subject to subpoena, unless the commissioner consents, or until, after notice to the commissioner and a hearing, a court of competent jurisdiction determines that the commissioner would not be unnecessarily hindered by such subpoena.

N.J. STAT. ANN. § 17:33A-11. It is therefore the discretion of the Insurance

Commissioner that controls whether the records sought by Plaintiffs remain privileged. It is not a privilege that belongs to the Koppel Defendants themselves. Through the Motion, the Koppel Defendants state that the "OIFP, through the Attorney General's Office, has indicated that documents will not be released without Court Order." ECF No. 134-1 at 2. The Court further notes that the OIFP does not join in the Koppel Defendants' Motion, nor has the OIFP sought to quash the Subpoena independently. Because the OIFP's only objection to disclosure is the lack of court order, this Court finds that the Subpoena does not unnecessarily hinder the OIFP and that the records may be disclosed. However, in the interest of protecting the identity of witnesses and the State's relationship with informants and witnesses, the OIFP may redact personal identifying information of those individuals and Plaintiffs shall designate the records as "Confidential," pursuant to the terms of the Discovery Confidentiality Order currently in place in this case. Subject to these conditions, the Koppel Defendants Motion to quash is DENIED.

### *Protective Order*

Alternatively, the Koppel Defendants seek entry of a protective order under Rule 26(c) of the Federal Rules of Civil Procedure. A party "has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-parties," and the Court may, for good cause shown, limit discovery of the subpoenaed information with respect to its relevance, breadth and proportionality, and any privacy or confidentiality concerns. *Aetrex Worldwide, Inc. v. Burten Distr., Inc.*, 2014 WL 7073466, at *4-6 (D.N.J. Dec. 15, 2014). The Koppel Defendants' arguments concerning a protective order are identical to those made in support of their motion to quash. ECF No. 134-1 at 11-12. Because the Court has already determined that the information Plaintiffs seek is relevant and not privileged, the Court addresses only the Subpoena's breadth and proportionality. Although the Koppel Defendants make no specific arguments on this topic, the Court finds that the Subpoena is sufficiently limited in its scope as it seeks only the investigatory files associated with the Koppel Defendants' two dismissed criminal matters. Considering that the OIFP has not claimed that it would be unduly burdensome to produce these files, and the scope of the Subpoena being clearly defined, the Court finds that the Koppel Defendants have failed to meet their burden to show that good cause exists to issue a protective order. Accordingly, the Koppel Defendants' alternative request for a protective order is DENIED.

### **ORDER**

**IT IS, THEREFORE**, on this **28th** day of **August 2023**,

**ORDERED** that the Koppel Defendants' motion to quash, or alternatively, for a protective order (ECF No. 134) is **DENIED**; and it is further

**ORDERED** that in the interest of protecting the identity of witnesses and the State's relationship with informants and witnesses, the OIFP may redact personal identifying information of those individuals; and it is further

**ORDERED** that Plaintiffs shall mark all documents received from the OIFP in response to their subpoena as "Confidential" pursuant to the Discovery Confidentiality

Order (ECF No. 83).  The parties shall meet and confer in accordance with the Court's Case Management Order to discuss any issues that may arise concerning the "Confidential" designation.

 

HON. JOSÉ R. ALMONTE
UNITED STATES MAGISTRATE JUDGE

Orig:  Clerk
cc:    Counsel of Record